JUSTINIANA CALDERÓN SANJURJO, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada; VALERIO LÓPEZ CALDERÓN, obrero fallecido.

Núm. 342.—*Sometido:* Febrero 19, 1945. *Resuelto:* Marzo 23, 1945.

*Herminio A. Concepción*, abogado de la recurrente; *A. de Jesús Matos, J. Correa Suárez* y *A. Sandín del Manzano*, abogados del Fondo del Estado, como *amici curiae; L. Apellaniz Storer*, abogado de los beneficiarios del obrero fallecido.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Al fallecimiento del obrero Valerio López el Administrador del Fondo del Seguro del Estado practicó la correspondiente investigación, llegando a la conclusión de que la muerte

había sobrevenido como resultado de un accidente del trabajo; que Dolores Pacheco, esposa del obrero, no dependía de él para su sostenimiento, y que al tiempo de la muerte y durante los últimos tres años con anterioridad al fallecimiento, Justiniana Calderón había "vivido con el obrero honestamente como marido y mujer, en estado de público concubinato, habiendo procreado un hijo que dependía del obrero para su sostenimiento." Basado en estos hechos, declaró el Administrador que la concubina, su hijo y dos hijos que el obrero había tenido en su matrimonio con Dolores Pacheco, eran las personas con derecho a la compensación, la que distribuyó en la siguiente forma: cuarenta por ciento para la concubina y veinte por ciento para cada uno de los hijos.

Enterada la esposa de la compensación concedida, apeló para ante la Comisión Industrial. No notificó su apelación a la concubina, pero el día que se señaló para la vista de la apelación, la Comisión la notificó, y compareció sin abogado y sin testigos. Al enterarse de que se trataba de una vista para determinar si la esposa tenía derecho a compensación por la muerte del obrero, la concubina informó al comisionado que no estaba preparada para la vista porque, ignorando su objeto, no había traído testigos ni había venido asistida de abogado; que estaba dispuesta, si la Comisión lo creía necesario, a traer sus testigos y un abogado que la representase. El comisionado la persuadió de que los testigos y el abogado eran innecesarios, indicándole que lo que se resolviese en aquella vista no habría de perjudicarla puesto que ya se le había reconocido su derecho a compensación, y que lo único que iba a tratarse allí era si la viuda del obrero tenía o no derecho a participar también en la compensación. Persuadida por las manifestaciones del comisionado, la concubina accedió a participar en la vista, y durante la misma admitió que la esposa también dependía para su subsistencia de lo que ganaba el obrero. La Comisión resolvió que

si bien Justiniana Calderón había vivido con el obrero "honestamente" en concubinato por más de cinco años, dependiendo de él para su subsistencia, también la esposa dependió del obrero, y que esta última excluía a la concubina del derecho a participar en la compensación. Así, pues, declaró que las personas con derecho a la compensación eran la viuda, sus dos hijos y el hijo de la concubina. Solicitó ésta la reconsideración, y habiéndosele denegado, interpuso el presente recurso.

Convenimos con la peticionaria en que la Comisión debió haber suspendido la vista para darle una oportunidad para que compareciese con su prueba y su abogado, ya que ella así lo pedía; pero dada la conclusión a que hemos de llegar en ese caso, somos de opinión que no lograríamos ningún fin práctico y por el contrario dilataríamos inútilmente el procedimiento, con perjuicio para todas las partes, si devolviésemos el caso a la Comisión para la celebración de una nueva vista, puesto que la admisión de la concubina al efecto de que la esposa dependía del obrero, no haría variar la conclusión de hecho a que llegó la Comisión en el sentido de que ambas eran dependientes del obrero y por consiguiente no se perjudicarían los derechos sustanciales de la concubina. Armoniza más con el espíritu de liberalidad y sencillez que debe prevalecer en los procedimientos ante la Comisión, resolver de una vez la cuestión de derecho en controversia, que ha sido ampliamente discutida.

La historia evolutiva del derecho de la concubina a participar en la compensación concedida con motivo de la muerte del obrero con quien vivió en concubinato, suministra la luz necesaria para resolver el problema planteado.

Originalmente la Ley de Compensaciones por Accidentes del Trabajo (Ley núm. 45 aprobada el 18 de abril de 1935, págs. 251, 265) no reconocía a la concubina derecho a participar en la compensación. En lo pertinente el inciso 5 del art. 3 prescribía:

"Si el obrero o empleado dejare una viuda, padres, hijos, legíti-
mos o ilegítimos, o hijos póstumos, fueran éstos o no naturales o
adoptivos, o nietos, cualquiera de los cuales dependiera total o par-
cialmente para su subsistencia de lo que ganaba el obrero o empleado
fallecido al tiempo de su muerte, recibirán una compensación. . . .
Dicha compensación se distribuirá entre los parientes mencionados
atendiéndose a la condición, necesidades, grado de parentesco y de-
pendencia de cada uno, según se decida por el Administrador de
acuerdo con los hechos.

"En defecto de las personas antes mencionadas, el padre o la
madre de crianza, los hijos de crianza, o hermanos menores de quince
años, o cualquiera que sea su edad, si fueren judicialmente decla-
rados incapacitados por la corte correspondiente, que dependieran
total o parcialmente de lo que ganaba el obrero o empleado fallecido
recibirán una compensación . . . y si fueren varias las personas con
derecho a esta compensación, la misma se distribuirá entre ellas según
lo disponga el Administrador."

La Ley núm. 52 de 25 de abril de 1942 ((1) págs. 503,
515) adicionó al inciso 5 del art. 3 un *disponiéndose* que decía
así:

*"Disponiéndose,* que a los efectos de compensación se considerará
como viuda a la mujer que al tiempo de la muerte del obrero, y
durante los últimos tres años con anterioridad al fallecimiento, haya
vivido con el obrero honestamente como marido y mujer, en estado
de público concubinato, *siendo ambos solteros durante la totalidad
del referido período y en aptitud de casarse con dispensa o sin ella."*
(Bastardillas nuestras.)

Este *disponiéndose* concedía derecho a la concubina a
participar en la compensación solamente en aquellos casos en
que tanto ella como el obrero eran solteros durante la tota-
lidad de los tres años anteriores a la muerte del obrero y
estaban en aptitud de casarse con dispensa o sin ella. Es
evidente que esta ley excluía el derecho de la concubina a
participar en la compensación cuando el obrero o la concu-
bina eran casados, pues en tal caso no estaban en aptitud
de contraer matrimonio. Si la ley hubiera permanecido como

era a virtud de esa enmienda, necesariamente tendríamos que negar en este caso toda compensación a la peticionaria; pero el legislador fué un poco más lejos en la concesión de derechos a la concubina, y por la Ley núm. 162 de 14 de mayo de 1943 (págs. 525, 543) volvió a enmendar el inciso 5 del art. 3, de forma que. el *disponiéndose* a que antes hiciéramos referencia quedó así:

"Disponiéndose, que a los efectos de compensación se considerará con derecho a la participación correspondiente en la compensación a la mujer que al tiempo de la muerte del obrero, y durante los últimos tres años con anterioridad al fallecimiento, haya vivido con el obrero honestamente como marido y mujer, en estado de público concubinato."

Esta enmienda eliminó el requisito de la ley anterior a virtud del cual la concubina participaba en la compensación solamente cuando ella y el obrero hubieren estado en aptitud de contraer matrimonio, con dispensa o sin ella. Por consiguiente, de acuerdo con la legislación actual, ya fueren o no casados una u otro, la concubina tiene derecho a participar en la compensación. Nos lleva a esta conclusión el hecho de que si la intención del legislador hubiera sido no dar participación a la concubina cuando existiese una viuda, al enmendar el inciso 5 del art. 3 a virtud de la Ley de 1943, se hubiera realizado un acto inútil, puesto que la concubina de acuerdo con la Ley de 1943, interpretada como la interpreta la Comisión, no hubiera tenido más derechos que los que ya tenía de acuerdo con la enmienda de 1942.

*Procede por lo expuesto anular las resoluciones recurrirridas que dictó la Comisión el 16 de noviembre y el 14 de diciembre de 1944 y devolver el caso a dicha Comisión para que dicte otra en armonía con los términos de esta opinión.*